Argued and submitted November 30, 2011, reversed and remanded
January 25, 2012

## REGISTER GUARD,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT
and William E. Peacock,
*Respondents.*

Employment Appeals Board
09AB2419, 10AB2241;
A143222

271 P3d 136

L. Michael Zinser, Tennessee, argued the cause for petitioner. With him on the briefs were The Zinser Law Frim, P.C., Jack L. Orchard, and Ball Janik LLP.

Pamela J. Walsh, Assistant Attorney General, argued the cause for respondent Employment Department. With her on

the briefs were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent William E. Peacock.

Jack L. Orchard and Ball Janik LLP filed the briefs *amicus curiae* for Oregon Newspaper Publishers Association.

Before Schuman, Presiding Judge, and Armstrong, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

In this strange case, an administrative law judge (ALJ) sitting for the Employment Department (respondent) issued an order that a claimant named Peacock, who is not a party on review, was entitled to unemployment insurance benefits. The Register-Guard (petitioner), to whom claimant provided services, appealed to the Employment Appeals Board (EAB), renewing arguments that claimant was not entitled to benefits for two separate reasons: first, because he was an independent contractor and not an employee, *see* ORS 657.040 (independent contractor is not covered by unemployment insurance statutes); and second, because he was discharged for misconduct, *see* ORS 657.176(2)(a) (employee discharged for misconduct is disqualified from receipt of unemployment insurance benefits). The EAB affirmed the ALJ's order, concluding that claimant was not an independent contractor and that his discharge was not for misconduct. Petitioner sought judicial review of the EAB order, again arguing that claimant was an independent contractor and that he had been discharged for misconduct. Both parties focused on the independent contractor issue and treated the misconduct issue as more or less of an afterthought; of the 92 pages of briefing (including an *amicus curiae* brief), 84 were devoted to the independent contractor issue.

Shortly after briefing was completed, the EAB withdrew its original order, as permitted by ORS 183.482(6) and ORAP 4.35, and, three weeks later, filed an order on reconsideration, as authorized by ORS 657.290(3). That revised order—and this is where it gets strange—contained findings of fact relevant to the question of whether claimant was discharged for misconduct, but it did *not* contain findings relevant to the question of whether claimant was an independent contractor, that is, relevant to the extent to which petitioner exercised direction and control over claimant and whether claimant was an independent business. *See* ORS 670.600 (stating criteria for being deemed an independent contractor). Nor did the order on reconsideration discuss the "independent contractor" issue, despite the fact that this revised order was now the only order reviewing the ALJ's original determination in which the ALJ identified two issues (independent contractor, as well as misconduct), decided both of

the issues contrary to the position of petitioner, and ruled that claimant was entitled to benefits. In regard to the question of claimant's independent contractor status, the order on reconsideration stated, *in toto*: "For purposes of addressing [petitioner's] argument that claimant was discharged for misconduct, we assume without deciding that claimant provided services to [petitioner] as an employee." The order on reconsideration concluded: "Hearing Decision 09-UIB-14444 is affirmed on reconsideration."

Hearing Decision 09-UIB-14444, we note, was the ALJ order that was the subject of petitioner's appeal to the EAB. That decision ruled that claimant was entitled to benefits. To reach that result, the ALJ had to decide, and indeed did decide, that claimant was *not* an independent contractor. ORS 657.040. Thus, in its order on reconsideration affirming the ALJ's order that claimant qualified for benefits, the EAB necessarily *did* decide that claimant was not an independent contractor—despite the order on reconsideration's assertion that it was *not* deciding that issue.

The operative portion of the order on reconsideration is captioned "**DECISION.**" (All capitals and boldface in original.) That portion supersedes the assertion that the EAB took it upon itself to *presume without deciding* that claimant was an employee—that is, to *presume without deciding* the outcome of the very issue that the parties had raised and emphasized in the original hearing, on appeal to the EAB, and, at least initially, on judicial review.

We achieve some insight into this bizarre outcome by noting that the order on reconsideration also referred to, but did not discuss, a separate unemployment tax case before the Employment Department in which the department had issued, and then withdrawn, an assessment against petitioner. After the EAB issued the order on reconsideration, the department submitted a supplemental record on review containing documents related to the tax assessment case. Petitioner filed a motion to strike those documents from the supplemental record. The appellate commissioner granted that motion, and the department did not seek judicial review. Apparently, the department believed that it could bifurcate the original proceeding involving petitioner into two separate

parts, one dealing with petitioner's argument that claimant was an independent contractor and one dealing with claimant's argument that he was not discharged for misconduct. We say "apparently" because, although our surmise derives from the department's supplemental brief and remarks at oral argument, nothing in the record confirms that information or, for that matter, establishes that such a bifurcation process is authorized by law.

In any event, petitioner responded to the order on reconsideration in a supplemental brief arguing that the order lacked substantial evidence and substantial reason, that is, that the order did not reach factual findings that were supported by adequate evidence or demonstrate the reasoning that led from the facts that it found to the conclusion that it drew. ORS 183.482(8)(c); *Drew v. PSRB*, 322 Or 491, 499-500, 909 P2d 1211 (1996). The department's answering brief contends that the EAB properly took notice of the "related tax proceedings, reasoned that it was unnecessary to fully address the independent contractor issue, assumed that [c]laimant was an employee," and decided only the misconduct issue. One obvious problem with that argument is that petitioner's motion to strike all references to those proceedings was granted, so the record contains nothing from which we can infer either their subject or their outcome. The other obvious problem is that, by affirming the ALJ's decision, the EAB, as noted above, *did* decide the independent contractor issue.

In short, we agree with petitioner's argument in its supplemental brief. In the order on reconsideration—the only order that we can review, the original order having been withdrawn and revised—there are *no* facts supporting the necessarily implied conclusion that claimant was an employee and not an independent contractor. If there were such facts, their connection to the conclusion is nonexistent; that conclusion is "assumed." An agency cannot assume the outcome of the very issue it has taken upon itself to decide.

In a separate assignment of error, petitioner argues that the EAB erred in concluding that petitioner was discharged but not for misconduct. We reject that assignment

without extended discussion. Suffice it to say that the decision depended on whether the ALJ and the EAB believed testimony from claimant or conflicting testimony from another witness. According to petitioner, "the Employment Appeals Board should have credited the detailed testimony of [the other witness] in this situation. [Claimant's] testimony was improper and not credible," because "[claimant's] wife was on the telephone hearing with him and was heard by the ALJ and [petitioner] whispering answers to [claimant]." Petitioner, in other words, asks us to substitute our judgment for the judgment of the agency factfinders. That we cannot do. ORS 183.482(7).

Reversed and remanded.