Argued and submitted December 12, 2011, reversed and remanded
March 14, 2012

EXPEDITE DELIVERY SERVICE, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
10AB1939; A146382

274 P3d 257

Geordie Duckler argued the cause and filed the brief for petitioner.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

Petitioner, Expedite Delivery Service, Inc., seeks judicial review of an Employment Appeals Board (EAB) order affirming the administrative law judge's (ALJ) decision that claimant, who provided delivery driver services for petitioner, was not an independent contractor as the term is defined in ORS 657.040, and that claimant was not discharged for misconduct, ORS 657.176(2)(a). On review, petitioner assigns error to EAB's conclusion that claimant was petitioner's employee. We reverse and remand.

Claimant was discharged because he was late for work. The Employment Department determined that claimant had a valid claim for unemployment insurance benefits. Petitioner filed a request for hearing before an ALJ, arguing initially that claimant was not entitled to benefits because he was an independent contractor and, secondly, that he had been discharged for misconduct. After conducting a hearing, the ALJ issued a final order concluding that claimant was petitioner's employee and was discharged, but not for misconduct. Petitioner appealed to the EAB, and the EAB affirmed the ALJ's order.

On review, petitioner contends that the EAB's order is not supported by substantial evidence in the record. We agree.

In *Register Guard v. Employment Dept.*, 247 Or App 692, 271 P3d 136 (2012), we recently held that the EAB's order assuming that the claimant was an employee and not an independent contractor without stating factual findings supporting that conclusion lacked substantial evidence and substantial reason. *Id.* at 696. In that case, the EAB order affirmed the ALJ's order that the claimant was the petitioner's employee and was discharged, but not for misconduct. In affirming the ALJ's order, the EAB assumed, without deciding, that the claimant was an employee and not an independent contractor: "For purposes of addressing [petitioner's] argument that claimant was discharged for misconduct, we assume without deciding that claimant provided services to [petitioner] as an employee." *Id.* at 695. Here, the EAB order provided an identical conclusion: "For purposes of addressing [petitioner's] assertion [that claimant was discharged for misconduct], we assume without deciding that

claimant provided services to [petitioner] as an employee." The order provided no other facts to support the EAB's assumption that claimant was an employee. Thus, the EAB's order concerning claimant's status as an employee lacks substantial evidence and substantial reason.

Reversed and remanded.